# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHERINE O'SHEA, BRIAN POSNER AND TOM BACON, et al.<br><br>    Plaintiffs,<br><br> v.<br><br>MAPLEBEAR INC. d/b/a INSTACART AND "DOES" 1 through 100, Inclusive,<br><br>    Defendant. | Case No. 1:19-cv-06994<br>Honorable John J. Tharp Jr.<br><br><u>JURY DEMANDED</u> |

## **DEFENDANT INSTACART'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**

## **REQUEST FOR JUDICIAL NOTICE**

In connection with its concurrently-filed Motion to Dismiss Plaintiffs Katherine O'Shea, Brian Posner, and Tom Bacon's Complaint, Defendant respectfully requests that this Court take judicial notice of the following documents attached as Exhibits 1.1, 1.2, and 1.3 to the Declaration of Caleb Grisell in Support of Defendant Instacart's Motion to Dismiss ("Grisell Decl."):

  1.1  Plaintiff Katherine O'Shea's Independent Contractor Agreement

  1.2  Plaintiff Brian Posner's Independent Contractor Agreement

  1.3  Plaintiff Tom Bacon's Independent Contractor Agreement

**MEMORANDUM OF POINTS AND AUTHORITIES**

When ruling on a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine," including "*documents incorporated into the complaint by reference*, and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). The Seventh Circuit "has been relatively liberal in its approach" when considering documents as part of the pleadings under the incorporation by reference doctrine. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). As articulated in *Tierney v. Vahle*, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings when they are (1) referred to in the complaint, (2) considered "concededly authentic," and (3) "central to the plaintiffs' claim." 304 F.3d 734, 738 (7th Cir. 2002); *see also Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431-32 (7th Cir. 1992) (upholding consideration of letters referenced by the complaint that established the parties' contractual relationship). The Seventh Circuit has recognized that if not for the incorporation by reference doctrine, "the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit." *Tierney*, 304 F.3d at 738.

The Court should consider the Independent Contractor Agreement ("Agreement") that each Plaintiff signed with Instacart as part of the pleadings, because the Complaint has incorporated these documents by reference. First, the Complaint explicitly refers to and relies on the Agreements. The Complaint includes a section entitled "Independent Contractor Agreement." Compl. ¶¶ 56-58. This section states that "[a]s a condition of employment, Plaintiffs were required to sign an agreement with Instacart titled the 'Independent Contractor Agreement,'" which designated each plaintiff "as an independent contractor and not an employee of Instacart." *Id.* at ¶¶ 56, 57. The Complaint further alleges that the "Independent Contractor Agreement also

2

represented to Plaintiffs that they would 'be solely responsible for determining the manner and method of performing all Services.'"[1] *Id.* at ¶ 58. Thus, not only does the Complaint refer to the Agreements, it provides citations and quotations to the Agreements as well.

Second, the Agreements are central to Plaintiffs' claim brought under the Illinois Wage Payment and Collection Act ("IWPCA"). *See* Compl. ¶¶ 123-131. As discussed in Section IV.C of Defendant's Memorandum of Points and Authorities in support of its Motion to Dismiss, "to state a claim under the IWPCA, the [plaintiffs] are required to demonstrate that they are owed compensation from defendants pursuant to an employment agreement." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016). Plaintiffs' claim under the IWPCA must fail as a matter of law because the Agreements, the *only* contract of any kind between Plaintiffs and Instacart, are silent as to the kinds of wages for which Plaintiffs seek relief. *See id.*; Grisell Decl., Exs. 1.1, 1.2, 1.3. Plaintiffs may not evade dismissal of their IWCPA claim under Rule 12(b)(6) "simply by failing to attach to [the] [C]omplaint [the Agreements] that prove[] [this] claim ha[s] no merit." *Tierney*, 304 F.3d at 738.

Moreover, the Seventh Circuit has observed that the "usual example" of a document outside the pleadings that may be considered by courts is "a contract, in a suit for breach of contract." *Id.* (emphasis added). Here, while the IWPCA claim is not strictly a breach of contract claim, it sounds in contract, because "the Seventh Circuit has stated that the IWPCA merely requires 'that the employer honor his contract.'" *Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012) (quoting *Nat'l Metalcrafters v. McNeil*,

---

[1] Here, the Complaint includes the following citation: "See Ex. 1, Independent Contractor Agreement, § 5.2." Compl. ¶ 58. No such exhibit, however, was attached to the Complaint.

1360724

784 F.2d 817, 824 (7th Cir. 1986)). Plaintiffs do not, and cannot, allege that Instacart has failed to uphold its obligations under the Agreements.

Finally, the Agreements are "concededly authentic," *Tierney*, 304 F.3d at 738, and Plaintiffs cannot contend otherwise. Attached to the Declaration of Caleb Grisell, submitted in support of Defendant's Motion to Dismiss, are true and correct copies of the Agreements that Plaintiffs O'Shea, Posner, and Bacon signed with Instacart upon commencing services as shoppers. Grisell Decl., ¶ 2, Exs. 1.1, 1.2, 1.3, respectively. During the time period in which each Plaintiff signed the Agreement, Instacart used (and continues to use) a third-party product called HelloWorks to facilitate Shopper paperwork, including agreeing to the terms of the Agreement. *Id.*, ¶ 3. HelloWorks creates an audit trail, including time stamps showing when shoppers reviewed and signed the Agreement. *Id*. This information shows that: (a) Plaintiff O'Shea signed the operative Agreement on October 29, 2016 at 4:43 p.m. Coordinated Universal Time ("UTC"), *id.*, ¶ 4, Ex. 1.1; (b) Posner signed the operative Agreement on August 11, 2019 at 6:08 p.m. UTC, *id.*, ¶ 4, Ex. 1.2; and (c) Bacon signed the operative Agreement on November 2, 2018 at 9:14 a.m. UTC, *id.*, ¶ 4, Ex. 1.3.[2]

The Complaint incorporates the Agreements by reference by explicitly referring and citing to them, *see, e.g.*, Compl. ¶¶ 56-58, and the Agreements are central to Plaintiffs' IWPCA claim. Accordingly, Instacart respectfully requests that the Court take judicial notice of Exhibits 1.1, 1.2, and 1.3 to the Declaration of Caleb Grisell in Support of Defendant Instacart's Motion to Dismiss and consider these documents as part of the pleadings.

---

[2] Plaintiffs O'Shea and Posner each signed the Agreement on multiple occasions, but the Court need only consider the most recent version of the Agreement that each signed because the later Agreements state that they supersede all prior agreements between the parties. *See* Grisell Decl., Ex. 1.1 ¶ 14, Ex. 1.2 ¶ 14.

4

Respectfully submitted,

MAPLEBEAR INC. d/b/a INSTACART

Dated: December 16, 2019

By: */s/ Jennifer J. Froehlich*
One of Its Attorneys

Benjamin Berkowitz (*pro hac vice*)
Ryan K. Wong (*pro hac vice*)
Julia L. Allen (*pro hac vice*)
Donna Zamora-Stevens (*pro hac vice*)
Melissa L. Cornell (*pro hac vice*)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
bberkowitz@keker.com
rwong@keker.com
jallen@keker.com
dzamora-stevens@keker.com
mcornell@keker.com

Robert W. Vyverberg
Jennifer J. Froehlich
HOLLAND & KNIGHT LLP
150 North Riverside Plaza
Suite 2700
Chicago, IL 60606
Telephone: 312 263 3600
Facsimile: 312 578 6666
robert.vyverberg@hklaw.com
jennifer.froehlich@hklaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that on **December 16, 2019**, the foregoing **Defendant Instacart's Request for Judicial Notice in Support of Its Motion to Dismiss** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

*/s/ Jennifer J. Froehlich*

1360724