UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE O'SHEA, BRIAN POSNER AND TOM BACON,<br><br>      Plaintiffs,<br><br>  v.<br><br>MAPLEBEAR INC. d/b/a INSTACART AND "DOES" 1 through 100, Inclusive,<br><br>      Defendants. | Case No. 1:19-cv-06994<br>Honorable John J. Tharp Jr. |

**AGREED MOTION TO STAY DISCOVERY AND ANSWER
AND CONTINUE INITIAL STATUS CONFERENCE**

  Defendant Maplebear Inc. d/b/a Instacart ("Instacart"), with Plaintiffs' agreement, moves to stay discovery and any requirement that it file an answer, pending resolution of Instacart's Motion to Compel Arbitration. Moreover, Instacart, with Plaintiffs' agreement, further moves to continue the initial status conference pending resolution of the Motion to Compel Arbitration and, if necessary, the Motion to Dismiss. In support of its motion, Instacart states as follows:

  1.  On October 23, 2019, Plaintiffs filed a nine-count Complaint against Instacart alleging various federal and state statutory and common law claims. [Dkt. 1]

  2.  The next day, the Court informed the parties that the Court participates in the Mandatory Initial Discovery Pilot ("MIDP"). [Dkt. 5] In cases subject to the MIDP, the MIDP requires, *inter alia*, that the parties exchange mandatory initial discovery 30 days after service of Instacart's answer to the Complaint.

  3.  Instacart waived service of the Complaint on October 24, 2019, making its response to Plaintiffs' Complaint due on December 23, 2019. [Dkt. 8]

4. On November 12, 2019, the Court scheduled an initial status conference for January 9, 2020. [Dkt. 14] The parties are currently required to submit an initial status report by January 6, 2020.

5. Instacart has filed a Motion to Compel Arbitration [Dkt. 30], along with a Motion to Dismiss. [Dkt. 33] Those motions, if granted, would terminate the proceedings in this Court.

6. Given the current posture of the case, Instacart requests that the Court stay discovery, including any requirements of the MIDP to the extent they apply, and any requirement that Instacart file an answer, and continue the January 9, 2020 initial status conference, until the Court has ruled on Instacart's pending Motion to Compel Arbitration.

7. Pursuant to Rule 26, the Court can stay discovery pending its consideration of and ruling on Instacart's pending motions. *See Rustom v. Rustom*, No. 17 C 9061, 2018 WL 2423508, at *5 (N.D. Ill. May 29, 2018) ("Under Rule 26(c) and 26(d), a court may limit the scope and sequence of discovery, including staying discovery during the pendency of a motion to dismiss."). In fact, it is not unusual for this Court to stay discovery while a motion is pending that could dispose of the case or require proceedings in a different forum. *See, e.g.*, *Cataldo v. City of Chicago*, 2002 WL 91903, at *1 (N.D. Ill. Jan. 24, 2002) (granting motion to stay discovery, as requiring defendant to respond to discovery was not "an efficient use of its resources" given the pending motion to dismiss).

8. Plaintiffs' Complaint contains nine different federal and state wage-and-hour and common law claims and seeks to certify a class of potentially thousands of individuals. This is a complex case, which will require extensive discovery if it moves forward.

9. Proceeding with discovery and the litigation of the case in this Court is premature, given Instacart's pending motion to compel arbitration. If the parties were required to proceed

2

with discovery at this time and before the Court's resolution of Instacart's pending motions, they would likely incur significant and unnecessary expenses.

10. Counsel for Instacart discussed these issues with counsel for Plaintiffs on December 12, 2019. Plaintiffs do not object to this motion, but Plaintiffs wish to retain the ability to conduct discovery related solely to Instacart's Motion to Compel Arbitration, should that be necessary. Plaintiffs have agreed to meet and confer with Instacart prior to serving any such discovery requests. Instacart does not object to that request.

11. Plaintiffs have also requested that briefing on Instacart's Motion to Dismiss be stayed pending the Court's ruling on Instacart's Motion to Compel Arbitration. Instacart does not object to that request.

WHEREFORE, Defendant Maplebear Inc. d/b/a Instacart respectfully requests that the Court enter an order staying discovery (with the exception of any discovery related solely to Instacart's Motion to Compel Arbitration, if necessary) and staying any requirement that Instacart file an answer while the Court considers and rules upon Instacart's Motion to Compel Arbitration. Instacart further respectfully requests that the Court enter an order continuing the case management conference while the Court considers and rules upon Instacart's Motion to Compel Arbitration, and, if necessary, Motion to Dismiss.

Respectfully submitted,

MAPLEBEAR INC. d/b/a INSTACART

Dated: December 16, 2019

By: */s/ Jennifer J. Froehlich*
One of Its Attorneys

Benjamin Berkowitz (*pro hac vice*)
Ryan K. Wong (*pro hac vice*)
Julia L. Allen (*pro hac vice*)
Donna Zamora-Stevens (*pro hac vice*)
Melissa L. Cornell (*pro hac vice*)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
bberkowitz@keker.com
rwong@keker.com
jallen@keker.com
dzamora-stevens@keker.com
mcornell@keker.com

Robert W. Vyverberg
Jennifer J. Froehlich
HOLLAND & KNIGHT LLP
150 North Riverside Plaza
Suite 2700
Chicago, IL 60606
Telephone: 312 263 3600
Facsimile: 312 578 6666
robert.vyverberg@hklaw.com
jennifer.froehlich@hklaw.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on **December 16, 2019**, the foregoing **Agreed Motion to Stay Discovery and Answer and Continue Initial Status Conference** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

*/s/ Jennifer J. Froehlich*